WILLIAM O. LITTLEFIELD *vs.* EDWIN I. LITTLEFIELD.

York. Opinion March 15, 1916.

*Assault and Battery.     Damages.     Mitigating Circumstances. Taking advantage of Rulings of Court. Title.*

1. It is the established doctrine and rule of practice in this State that erroneous rulings of the presiding Justice during the trial and in his charge to the jury can be taken advantage of only by exceptions seasonably noted and allowed.

2. It has been held, however, that where it clearly appears that a verdict is the result solely of the application to the facts proved of a manifest error in law, and except for such error in law the verdict must have been otherwise, such verdict may be set aside as against law under a general motion.

3. The rulings here complained of are not of that class. They were not statements of law that necessarily controlled the determination of the case, for it cannot be held that the verdict would have been otherwise if the rulings complained of had not been made. They clearly fall within the established rule. If the defendant deemed them erroneous he should have taken exceptions to them at the time they were made. Had he done so they might have been changed or modified. Not having done so he is not now entitled to have them considered under his general motion for a new trial.

4. After a study of all the testimony in case, court does not conclude that the amount of the verdict is so manifestly excessive that it should not be permitted to stand.

Action of trespass for alleged assault and battery. Plea, general issue and brief statement. Verdict for plaintiff. Motion for new trial filed by defendant. Motion overruled.

Case stated in opinion.

*Allen & Willard,* for plaintiff.

*Emery & Waterhouse,* for defendant.

SITTINGS SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, PHILBROOK, JJ.

KING, J. Action of trespass to recover damages for an alleged assault and battery. A verdict for $579.25 was returned for the plaintiff and the case comes up on defendant's motion for a new trial on the usual grounds. The defendant also asks that certain rulings made during the trial (to which no exceptions were taken) may be examined under the motion and, if they are found to be erroneous, that the verdict be set aside as against law.

It appears from the evidence that the parties claimed to own adjoining properties bordering on the shore at Kennebunk Beach; that there was some dispute between them as to their dividing line; and that prior to the time of the alleged assault the plaintiff built a wharf a portion of which the defendant tore down claiming that it encroached upon his lot, whereupon the plaintiff hauled rocks and piled them againt the remaining part of the wharf and in the breach made by the defendant's tearing down. On the morning of the day of the alleged assault the defendant notified the plaintiff that he was "going down to the Beach and tear away those rocks." When he arrived at the rocks the plaintiff was there and forbade him moving them, claiming that they were his rocks and on his property, and he placed himself upon them, thus trying to prevent the defendant moving them. It was not in controversy that the defendant took the plaintiff by the shoulders and removed him from the rocks, and that is the particular assault and battery complained of. The plaintiff testified that the defendant violently threw him down whereby he was bruised and severely injured. On the other hand the defendant testified that he did the plaintiff no injury but merely turned him about away from the rocks so he would not get hurt as they were being moved and left him standing on his feet in a position of safety. Each party was corroborated by his witnesses, and there was a sharp conflict of testimony as to the force used by the defendant upon the plaintiff.

The defendant did not plead title to the locus where the alleged assault occurred, but during the trial in answer to an inquiry by the court the defendant's counsel said: "We claim that the affray took place on the land of the defendant, that he is in possession of, . . . But we do not consider it makes a mite of difference, if the assault was committed as alleged, where it took place. We simply ask these questions to show a mitigation, aggravation, if

there were any damages." And to that statement the court replied "You may proceed on that line." But the defendant did not offer any evidence of title even in mitigation of damages as suggested. He proceeded apparently on the theory that he could establish the fact that what he did to the plaintiff was necessary and lawful for him to do under the circumstances to remove him from a place of danger to a place of safety, and, moreover, that in doing it he caused him no harm.

During the trial the court stated that he should rule "as the case stands upon the evidence, that the plaintiff had a right to sit upon that rock, and that the defendant committed an assault, in accordance with the definition of assault under the Revised Statutes." In his charge to the jury however the court did not rule directly that the defendant committed an assault but he did explicitly instruct the jury that "in view of the manner in which the case has been tried," the plaintiff had the right to the possession of the place, and to the possession of the rocks on the place where the alleged assault occurred, and had the right to do what he did do in trying to prevent the defendant removing the rocks. The defendant took no exceptions to the rulings and instructions, but he now claims that they were erroneous and prejudicial to him, and asks under his motion that the verdict against him be set aside for that reason. We think the defendant's motion must be overruled.

I. If it had been shown that the defendant owned the land where the affray occurred, and had the right to remove the rocks, even then it could not be held under the evidence that a verdict against the defendant was not justified, for if the jury believed the plaintiff and his witnesses they were warranted we think in finding that the defendant used excessive force upon the plaintiff, and for that he is liable to some extent at least.

2. Notwithstanding that the title to the land where the affray occurred was not put in issue under the pleadings, yet the defendant was not precluded from presenting evidence in mitigation tending to show that he owned the land where the rocks were and had the right to remove them. The court told him to proceed on that line, but he did not. As to the ownership of the rocks, the defendant admits in his brief that they belonged to the plaintiff, and there was evidence to that effect, for he hauled them and placed them where

they were. In view therefor of that fact, and that the defendant did not plead title to the land where the rocks had been placed by the plaintiff, and that he did not, when permitted to do so, present evidence of his right to the possession of the land in mitigation of damages, it may not have been error for the court to instruct the jury as he did concerning the plaintiff's right to be upon the rocks and to do what he did to prevent the defendant taking them away. But we have no occasion to pass upon that question, for we think it is not open to the defendant under his motion.

It is the established doctrine and rule of practice in this State that erroneous rulings of the presiding Justice during the trial and in his charge to the jury can be taken advantage of only by exceptions seasonably noted and allowed. But it has been held, that where it clearly appears that a verdict is the result solely of the application to the facts proved, of a manifest error in law, and except for such error in law the verdict must have been otherwise, such a verdict may be set aside as against law under a general motion for a new trial. But we think this case is not of that class. The rulings here complained of clearly fall within the established rule. They were not statements of law which necessarily controlled the determination of the case, for it cannot be held that the verdict would have been otherwise if the rulings complained of had not been made. They were statements of the court's understanding, based upon a consideration of the issues raised by the defendant's pleadings, and the fact that he had offered no evidence of title even in mitigation of damages, that the plaintiff's claim of the right to the possession of the place where the rocks were was not in fact controverted, and was to be regarded as conceded. If the defendant deemed the rulings erroneous and desired to preserve his right to have them reviewed by the Law Court he should have taken exceptions to them at the time they were made. Had he done so they might have been changed or modified. Not having taken any exceptions to them we think he is not now entitled to have them considered under his motion.

3. The damages. There was a flat contradiction in the testimony relating to the plaintiff's alleged injuries. He testified that the defendant threw him down violently upon the sharp rocks whereby his hands and leg were bruised and lacerated, and he was made sore

and lame, and from which he had not fully recovered at the time of the trial. On the other hand the defendant testified that he caused the plaintiff no bodily harm whatever. Full and explicit instructions were given to the jury as to the assessment of damages if they found the defendant liable. If they believed the plaintiff and his witnesses they were undoubtedly warranted in awarding substantial damages against the defendant. They may have erred in their judgment as to the amount, but after a study of all the testimony the court does not conclude that the amount of the verdict is so manifestly excessive that it should not be permitted to stand.

*Motion overruled.*